PER CURIAM.
lain this writ application, relator, Bob Ellis (Ellis), seeks review of a ruling of the Louisiana Ethics Adjudicatory Board (EAB) overruling his exception raising the objection of prematurity with respect to charges filed by respondent, the Louisiana Board of Ethics (the Board). For the following reasons, we grant relator’s writ application, reverse the ruling of the EAB, and render judgment sustaining the exception of prematurity and dismissing the charges.

FACTS AND PROCEDURAL HISTORY

On September 20, 2004, Ellis was hired as a New Orleans City Attorney and continued as a full-time, salaried employee with the City Attorney until his resigna *718 tion on June 27, 2011. While employed with the City Attorney’s Office, Ellis owned 50% of a consulting company known as Opus Consulting, LLC (Opus). On March 1, 2007, Opus entered into a working agreement with Benetech Group (Ben-etech), wherein Opus was to receive a 6% commission for the development of an exclusive list of projects for Benetech. The term of the agreement was for sixty months, terminating in February 2012.
From January 2008 through August 2008, Opus provided business consulting services to Benetech. Opus allegedly provided no further services to Benetech after August 2008. In October 2008, Benetech provided a $5,000.00 payment to Opus for services rendered. Additionally, Benetech LLC/JRDKS Construction LLC, a joint venture, entered into a contract with the City of New Orleans in October 2008.
On September 15, 2011, the Board voted to conduct a confidential investigation of Ellis for various potential violations of the Code of Governmental Ethics (Code of Ethics) connected to Opus’s contract with Benetech and Benetech’s contract with the City of New Orleans. Over ten months later, on | .-¡August 6, 2012, the Board contacted Ellis to set up an appointment for his first interview, which took place on August 14, 2012. Two days later, on August 16, 2014, at its regularly scheduled meeting, the Board voted to file charges against Ellis for violating provisions of the Code of Ethics, specifically La. R.S. 42:llllC(2)(d) (receipt of a thing of economic Value in the form of compensation for services provided to Benetech) and La. R.S. 42:1112B(5) (participation by Ellis in a transaction involving his governmental entity and Benetech, while Ellis already had an existing contract with Benetech, and where by reason thereof he was in a position to directly affect his own economic interests).[1]
The Board propounded its first set of discovery on Ellis, on March 12, 2018, and on April 5, 2013, filed a motion to compel discovery, alleging that, in violation of La. C.C.P. art. 1458, Ellis had failed to file any responses. On the same date that the Board filed its motion to compel discovery, Ellis filed a motion to stay | ¿discovery, as well as a motion for summary disposition (i.e., summary judgment)[2] and an excep *719 tion raising the objection of prematurity. In the motion for summary disposition, Ellis asserted that the Board did not have factual support for any of the essential elements of the alleged violations of the Ethics Code with ydiich he was charged. The exception of prematurity was based on his contention that the charges should be dismissed because the Board did not complete its investigation prior to filing charges against him, which constituted a violation of La. R.S. 42:11410.
Ellis argued that for reasons unattributable to him, the Board did not begin its investigation until approximately a month before the accrual of the applicable one-year prescriptive period provided by La. R.S. 42:1141C(3)(e). He asserts that, in an attempt to prevent the matter from prescribing, the Board voted to file formal charges against him without actually investigating the validity of the charges, and then it endeavored thereafter to combine the investigatory and prosecutorial processes to make its case against him. Ellis argued that if the Board was unable to produce factual support sufficient to satisfy its evidentiary burden at the hearing for summary disposition without relying on his discovery responses to meet this burden, then it is clear that the Board prematurely filed charges prior to the completion of the investigation.
A hearing on the opposing discovery motions and Ellis’ exception of prematurity was held on July 31, 2013, after which the EAB took the matter under | ¡¡advisement. Prior to any ruling by the EAB, this Court issued two decisions involving prescriptive periods contained in the Code of Ethics[3]
*720 On November 7, 2013, the EAB reconvened to continue the hearing on the discovery motions and exception in light of the decisions issued by this Court. All parties were allowed to make further arguments relating to their respective motions, at the conclusion of which the EAB granted the Board’s motion to compel discovery and denied Ellis’ exception of prematurity, stating:
Based on the Sneed decision and the Braud decision, the First Circuit has indicated that its interpretation of the Code of Ethics is that, although there is a provision that allows for ... up to a year for investigation, that provision is not necessarily a provision that allows a full year.
lfiOn that basis, the EAB stated it was in favor of “interpreting the law to give the Board of Ethics more broad discretion to determine when [its investigation is complete and to conduct further discovery if necessary after [charges are filed.]”
On December 26, 2013, the EAB issued the following order granting the Board’s motion to compel discovery and overruling Ellis’s exception of prematurity, stating:
The [Board] has broad discretion under the Code to determine when an investigation is complete for the purpose of issuing charges and filing formal charges with the [EAB].... The Code does not specify how much investigation is required before the [Board] can determine that the investigation is “complete” for purposes of issuing charges.
The EAB further stated that:
La. R.S. 42:1141.4 allows all parties, including the [Board] to conduct discovery for purposes of the hearing. The [Board] propounded discovery requests on Respondent, and Respondent has not timely responded to those requests; therefore, the [Board’s] Motion to Compel is granted.
In this writ application, Ellis seeks reversals of the denial of his exception of prematurity and the granting of the Board’s motion to compel.[4]

STANDARD OF REVIEW

Pursuant to La. R.S. 42:1143, all proceedings conducted by the Board shall be subject to and in accordance with the Louisiana Administrative Procedure Act, La. R.S. 49:950 et seq. The Administrative Procedure Act specifies that judicial review shall be confined to the record, as developed in the administrative proceedings. La. R.S. 49:964(F). The reviewing court may reverse or modify the Board’s decision if substantial rights of the appellant are prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation |7of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) *721 not supported and sustainable by a preponderance of evidence as determined by the reviewing court. La. R.S. 49:964(G). On legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a de novo review of questions of law and renders judgment on the record. In re McJunkins, 99-0326 (La.App. 1st Cir.3/31/00), 794 So.2d 845, 848.
LAW AND ANALYSIS .
The purpose of the Code of Ethics is to further the public interest by ensuring that the law protects against conflicts of interest on the part of Louisiana’s public officials and state employees by establishing ethical standards to regulate the conduct of those persons. La. R.S. 42:1101. The eleven-member Board is given the authority to investigate and pursue formal charges through either public or private hearings against an individual or entity for alleged violations of the Code of Ethics. La. R.S. 42:1132 and 42:1134. A determination that the accused has violated a provision of law within the jurisdiction of the Board must be based on competent evidence presented at a duly noticed public hearing. La. R.S. 42:1141(C); 42:1141.4; La. Admin. Code tit. 52, pt. 1, §§ 1008 and 1017. Upon finding a violation of the Code of Ethics, the Board has the authority to impose various penalties on the responsible party. La. R.S. 42:1151-1157; In re Arnold, 07-2342 (La.App. 1st Cir.5/23/08), 991 So.2d 531, 536.
La. C.C.P. art. 926(A)(1) provides for the dilatory exception raising the objection of prematurity, which is intended to retard the progress of the action, rather than to defeat it. La. C.C.P. art. 923. An action is premature if it is brought before the right to enforce the claim sued on has accrued. See La. C.C.P. art. 423. | sThe objection of prematurity raises the issue of whether the judicial right of action has yet to come into existence because some prerequisite condition has not been fulfilled. Bridges v. Smith, 01-2166 (La.App. 1st Cir.9/27/02), 832 So.2d 307, 310, writ denied, 02-2951 (La.2/14/03), 836 So.2d 121. Prematurity is determined by the facts existing at the time suit is filed. Rivera v. Bolden’s Transp. Serv., Inc., 11-1669 (La.App. 1st Cir.6/28/12), 97 So.3d 1096, 1099, rehearing denied, (7/19/12); Houghton v. Our Lady of the Lake Hosp., Inc., 03-0135 (La.App. 1st Cir.7/16/03), 859 So.2d 103, 106.
Before the Board is allowed to file formal charges against someone for violation of the Code of Ethics, it must first determine that there are factual grounds for the charges. La. R.S. 42:1141(0(1), La. Admin. Code tit. 52, pt. 1, §§ 802, 803, and 808. A private investigation shall be conducted to elicit evidence upon which the Board shall determine whether a public hearing should be conducted or that a violation has not occurred. The accused and the complainant shall be given written notification of the commencement of the investigation not less than ten days prior to the date set for the commencement of the investigation.. If the Board does not issue charges within one year from the date upon which a sworn complaint is received or, if no sworn complaint was received, within one year from the date the board voted to consider the matter, the matter is dismissed. The one-year period shall be prescriptive. The prescriptive period may be suspended, interrupted, or renounced. La. R.S. 42:1141C(1) and (3)(c), La. Admin. Code tit. 52, pt. 1, §§ 801, 806, and 808(A).
During the course and scope of the private investigation, subpoenas, as well as subpoenas duces tecum, and interrogatories may be issued to anyone with information regarding the matter being investi *722 gated. See La. R.S. 42:1141.4B(1); |flLa. Admin. Code tit. 52, pt. 1, § 804. The Board may require for the respondent or witnesses to testify regarding the matter under oath. See La. R.S. 42:1141.4B(1).
The Board’s attorney shall present the investigative report to the Board for its consideration and deliberation in executive session, during a regularly scheduled meeting of the Board, after which the Board may order further investigation, file charges, or close the file. La. Admin. Code tit. 52, pt. 1, §§ 802 and 808. Only after the completion of the confidential investigation, after the Board has gathered evidence that it uses to determine whether charges should be filed, and the vote is in the affirmative, is the case made public. La. R.S. 42:1141C.
In his exception, Ellis argued that the Board prematurely filed formal charges against him prior to completing its confidential investigation of the allegations against him in violation of La. R.S. 42:1141C. Ellis asserted that in order for the Board to have “completed” its investigation, it must have sufficient evidence to support a prima facie case against him. Ellis argued it can clearly be inferred from the type of discovery propounded by the Board that it did not possess a prima facie case against him for the charges filed.[5] Based on the discovery requested, Ellis contended that the Board failed to make a connection between his private employment at Opus, his public service employment with the City Attorney, and Benetech, even after “completion” of its investigation.[6] Ellisj^contended that the Board inexplicably waited almost eleven months to begin its investigation, although La. R.S. 42:1141B(l)(a) required the Board to assign the matter to a panel of the Board to investigate the matter.[7] Es *723 sentially, Ellis contended the Board filed charges against him, without supporting evidence in order to defeat prescription, with the hope that discovery would produce the evidence necessary to support the charges already filed. According to Ellis, this undermines the purpose of the statutorily mandated, year-long confidential investigation in order to prove or disprove alleged code violations, the intent of which is to keep an innocent person’s reputation intact before evidence of actual violations has been discovered.
The Board contended that the law did not mandate what was necessary in order for it to have “completed” an investigation. Thus, the Board argued that it l^filed formal charges against Ellis after it completed its confidential investigation, and was now simply in the midst of preparing for trial. We disagree.
The starting point in the interpretation of any statute is the language of the statute itself. City of New Orleans v. Louisiana Assessors’ Ret. and Relief Fund, 05-2548 (La.10/1/07), 986 So.2d 1, 17. Words and phrases are to be read in their context and to be accorded their generally prevailing meaning. La. C.C. art. 11; La. R.S. 1:3. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and the letter of it shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit. La. C.C. art. 9; La. R.S. 1:4.
A matter cannot be sent to the ' EAB for adjudication until charges are issued, and charges cannot be issued until the investigation is completed. La. R.S. 42:1141C(2). Merriam-Webster’s Dictionary defines “complete” as “having all necessary parts, elements or steps.” Merriam-Webster’s Collegiate Dictionary 235 (10th ed., 1995). “Investigate” means “to make inquiry, judicially or otherwise, for the discovery and collection of facts concerning the matter or matters involved.” See Ballentine, James A., Law Dictionary with Pronunciations, 682 (1948). “Discovery” is the “compulsory disclosure, at a party’s request, of information that relates to the litigation.” Black’s Law Dictionary 478 (7th ed., 1999). Additionally, the Louisiana Code of Civil Procedure governs civil proceedings, in district court as well as for administrative agency proceedings, where agency laws are silent. Liberty Mut. Ins. Co. v. Louisiana Ins. Rating Comm’n, 96-0793 (La.App. 1st Cir.2/14/97), 696 So.2d 1021, 1027, writs denied, 97-2069, 97-2062 (La.12/19/97), 706 So.2d 451, 452.
La. C.C.P. art. 863 imposes an obligation upon litigants and their counsel who sign a pleading to make an objectively reasonable inquiry into the facts and [ 1i8the law of the claim they are making; subjective good faith will not satisfy the duty of *724 reasonable inquiry. Connelly v. Lee, 96-1213 (La.App. 1st Cir.5/9/97), 699 So.2d 411, 414, writ denied, (La.1/30/98), 709 So.2d 710. Specifically, La. C.C.P. art. 863B(3) requires that each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. A violation of any one of the duties imposed in the article fatally infects the entire certification. Connelly, 699 So.2d at 414. Thus, in accordance with the generally prevailing definition of “complete,” as well as the mandate of La. C.C.P. art. 863, we conclude that charges may not be filed by the Board until it has all the necessary elements of its claim, meaning evidentiary support for its allegations prior to filing formal charges against an accused. See La. R.S. 42:11410.
The Code of Ethics stresses the importance of an investigative process that is separate and independent from the prosecution of charges. That objective is made clear in La. R.S. 42:11410, which requires that the investigation be complete before the Board can make a determination either that a public hearing should be held or that a violation has not occurred. However, it is obvious from the ruling issued by the EAB that it believes the Board has a right to issue charges against an accused, regardless of whether the Board has completed its investigation. This conclusion is in stark contrast to rulings by this Court on the issue.
In Bd. of Ethics in re Davies, 10-1339 (La.App. 1st Cir.12/22/10), 55 So.3d 918, 924, this Court stated that the Board has no vested right to issue charges against a defendant. Conversely, the one-year limitation on investigation gives a defendant an enforceable expectation that charges will be dismissed if the Board 11shas not formally issued them within one year of the filing of a sworn complaint or from the Board’s vote to consider the matter. Id.
In Doe v. Louisiana Bd. of Ethics, 12-1623, 12-1830 (La.App. 1st Cir.7/21/14), 2014 WL 3583719, writ denied, 2014-1763 (La.11/21/14), 160 So.3d 971, this Court reiterated that although the Board has investigative authority, it is not unfettered power. This Court reasoned that because of the penal nature of the Ethics Code provisions, the laws must be strictly construed and resolved with lenity in favor of the individual subject to penalty.[8]
The rule of lenity posits that the courts should not construe penal statutes as extending powers not authorized by the letter of the law even if such powers are arguably within its spirit. The rule of lenity, moreover, applies not only to the substantive ambit of criminal laws and civil penal statutes, but also to the penalties imposed by those laws. Additionally, the rule of lenity requires that where there is any doubt as to the interpretation of a statute upon which a prosecution is based, doubt must be resolved in favor of the accused. This principle applies to both criminal laws and civil statutes of a penal nature. And the rule of lenity has been applied in the area of administrative law. Doe v. Louisiana Bd. of Ethics, 12-1169 *725 (La.App. 4th Cir.3/13/13), 112 So.3d 339, 346-47, writ denied, 13-0782 (La.8/30/13), 120 So.3d 265.
Thus, it is clear that the Board cannot file charges against Ellis without completing its investigation and its search for grounds for the charges. The Board also cannot investigate in or to determine if valid grounds exist for charges to be filed. See La. R.S. 42:1141C(3)(e). Rather, it is Ellis who has an enforceable right | uand expectation that the Board has fully and completely conducted its investigation pri- or to filing charges against him. See Davies, 55 So.3d at 924.
In order for an investigation to be complete, the Board should possess at least a prima facie case against Ellis at the time of filing formal charges against him. If that prima facie case does not exist, then the investigation is incomplete, and the Board may not file formal charges simply because prescription is accruing. If the Board does file formal charges without having factual support for a prima facie case, then the charges are subject to dismissal on an exception of prematurity or may be dismissed on a motion for summary judgment or an equivalent pleading.
As for the issue of discovery, the Board is correct that the Louisiana Code of Civil Procedure gives the Board the right to conduct discovery in order to prepare for trial. See La. C.C.P. art. 1424, and La. Admin. Code tit. 52, pt. 1, § 1101. However, this Court fervently emphasizes that the Board cannot combine the two distinct and separate processes of investigation and discovery. See La. R.S. 42:1141C and La. C.C.P. art. 1424.
Furthermore, despite the Board’s assertion to the contrary, lack of discovery is grounds for requesting a continuance for a hearing, not an element on the merits of a motion for summary judgment. The law is clear that a motion for summary judgment may be filed by either the respondent or the trial attorney before, during, or after a public hearing. See La. Admin. Code tit. 52, pt. 1, § 1102. A defendant’s motion for summary judgment may be made at any time. La. C.C.P. art. 966A(1). It is not an abuse of a trial court’s wide discretion to entertain a motion for summary judgment before discovery has been completed. Christakis v. Clipper Constr., LLC, 12-1638 (La.App. 1st Cir.4/26/13) 117 So.3d 168, 171, writ denied, 13-1913 (La.11/8/13), 125 So.3d 454. The trial court has discretion to render summary judgment if appropriate or to allow further discovery. Id. | ¡.^Although the parties must be given the opportunity to conduct “adequate discovery” to present their claims, see La. C.C.P. art. 966C(1), there is no absolute right to delay action on a motion for summary judgment until discovery is complete. The only limit to the trial court’s discretion is that the parties must be given a fair opportunity to present their claims. Id.
In his opposition to the Board’s motion to compel discovery, Ellis contended that the Board is not conducting discovery, but is actually investigating the allegations against him for the first time, after formal charges have been filed against him. He asserted that because the charges were filed prematurely without the Board completing its investigation, it should not be allowed to conduct discovery, because the whole matter is premature and should be dismissed. Alternatively, Ellis argued that this Court should remand the matter to the EAB, with strict instruction that discovery be limited to securing the Board’s investigative findings in proper form to present at the hearing on the motion for summary judgment.
The Board maintains that it conducted its private investigation, filed formal *726 charges timely, and is now participating in a civil litigation whereby Louisiana law grants it the power to conduct discovery in order to prepare for trial. Therefore, it urges that this writ application should be denied.
We find that matters brought under the Code of Ethics are unique in nature in that they specifically require the Board to show a factual basis for the allegations made prior to the filing of formal charges and the matter made public. Specifically, the Board is given a one-year investigative period in which to gather the facts necessary by way of issuing subpoenas, interrogatories and having hearings under oath. See La. R.S. 42:11410 and 42:1141.4, La. Admin. Code tit. 52, pt. 1, § 804. The law specifically gives the Board this time and these powers so 11fithat there is a factual basis — real, tangible evidence — that it can use to show a violation of the Ethics Code before the Board is allowed to put an accused’s name and reputation through the mud. Thus, because of all the powers bestowed upon it by law, the Board must, at a minimum, possess a prima facie case against an accused in order to have completed its investigation. If, after gathering all ascertainable facts, there is enough evidence for a prima facie case then formal charges may be filed. Where, as here, however, the Board is unable to show a simple prima facie case of the alleged violations and instead attempts to use discovery to find evidence to support its charges, the formal charges are premature.
Additionally, it should be noted that in its consideration of this matter, the EAB misconstrued this Court’s decisions in In re Brand and In re Sneed. Our review of the EAB’s December 26, 2013 convinces us that the EAB has incorrectly concluded that this Court’s holdings limit the time period the Board has to conduct its private investigation of alleged violations of the Code of Ethics. Nothing in either case purports to suggest such a limitation, and the EAB’s interpretation to the contrary is legally incorrect.
We also point out that the EAB ruled it was within its authority to allow the Board discretion to expand the use of discovery beyond the purposes delineated in the Code of Civil Procedure; and that it has authority to change the common sense meaning of “investigate” — the process of gathering facts to determine whether a suit or matter should be pursued — to “discovery,” which is clearly a pretrial mechanism used to prepare for trial. This approach disregards the one-year prescriptive period for investigations and perverts the public policy favoring finality and certainty that underlies the doctrine of prescription and causes injustice to the public official involved.
|17In this case, any failure of the Board to obtain factual proof of the alleged violations by Ellis was due to the Board’s own inaction and lack of diligence. Neither the EAB nor the Board has the discretion to bypass the process outlined by the legislature.

CONCLUSION

For these reasons, the writ application filed by relator, Bob Ellis, is granted, and the December 26, 2013 ruling of the Ethics Adjudicatory Board overruling Ellis’ exception of prematurity is reversed. Judgment is hereby rendered sustaining the exception of prematurity and dismissing the charges against Ellis.[9]
*727 WRIT GRANTED; EXCEPTION OF PREMATURITY SUSTAINED.

. Louisiana Revised Statute 42:llllC(2)(d) states:
(2) No public servant and no legal entity in which the public servant exercises control or owns an interest in excess of twenty-five percent, shall receive any thing of economic value for or in consideration of services rendered, or to be rendered, to or for any person during his public service unless such services are:
(d) Neither performed for nor compensated by any person from whom such public servant would be prohibited by R.S. 42:1115(A)(1) or (B) from receiving a gift.
Louisiana Revised Statutes 42:1112B(5) states:
B. No public servant, except as provided in R.S. 42:1120, shall participate in a transaction involving the governmental entity in which, to his actual knowledge, any of the following persons has a substantial economic interest:
(5) Any person who is a party to an existing contract with such public servant, or with any legal entity in which the public servant exercises control or owns an interest in excess of twenty-five percent, or who owes any thing of economic value to such public servant, or to any legal entity in which the public servant exercises control or owns an interest in excess of twenty-five percent, and who by reason thereof is in a position to affect directly the economic interests of such public servant.

. Former La. Admin. Code tit. 52, pt. 1, § 1011, repealed by LR 39:1417 (June, 2013) provided in pertinent part:
A. At any time after the filing of charges, any respondent may file with the board a written request for summary disposition there *719 of, in the form of a motion or exception and in accordance with the provisions of § 1102, on any of the following grounds:
5. That the affidavits and other documents hied in connection with the charges show that there is no genuine issue of material fact, and that the respondent is entitled to summary dismissal as a matter of law.

. In re Sneed, 12-1849, (La.App. 1st Cir. 10/7/13) (an unpublished writ action), involved a former member of the Jefferson Parish Council, and a neW financial disclosure law, La. R.S. 42:1142.2. Ms. Sneed resigned from the Council on August 22, 2008, prior to the law taking effect on January 1, 2009, and therefore did not file a financial statement as required by the new law, which prompted the Louisiana Board of Ethics to investigate. The Board filed formal charges against Sneed on October 28, 2011, and Sneed filed several exceptions, including no cause of action and prescription, citing La. R.S, 42:1163, which requires the Board to take action to enforce a provision of the Code of Governmental Ethics within two years following the discovery of the violation. The EAB denied Sneed’s exception of prescription stating that the Board discovered the alleged violation on February 19, 2010, and took action to enforce the provision on September 15, 2011, when it voted to bring formal charges against her, which was less than two years later. Sneed sought review of the action with this Court, which concluded that she had not carried her burden to show thát the matter was prescribed. On its own motion, the Sneed court found that the Board’s enforcement action failed to state a cognizable cause of action, because it would have been "unconstitutional to retroactively apply the new financial disclosure law, and dismissed the charge with prejudice.
In re Braud, 13-0972 (La.App. 1st Cir.10/28/13), writ denied, 13-2961 (La.2/28/14), 134 So.3d 1178, involved a former member of the Plaquemines Parish Sheriff’s Office, who was charged with violating La. R.S. 42:1111 (C)(2)(d) (receipt of a thing of economic value for services) and La. R.S. 42:1112B (participation in a transaction involving a person with whom his agency has a contractual relationship). Braud was a partner at a law firm which received payment from a client for services rendered while Braud was a public servant/employee. The payment was received in June, 2008, and formal charges were brought against Braud on September 14, 2012. Braud filed an exception of prescription, which the EAB denied, and Braud sought review of that ruling with this Court. This Court granted Braud’s writ, finding that an action against Braud *720 must be commenced within four years of the date on which the alleged violations occurred. See La. R.S. 42:1163. The Braud court further explained that an action is commenced by the filing of formal charges with the EAB. Because the violation occurred in June 2008, and formal charges were not brought against Braud until September 2012, any claims that the Board may have had against Braud had prescribed, and the action against Braud was dismissed with prejudice.

. The denial of the dilatory exception of prematurity is an interlocutory judgment that does not determine the merits of the case. See La. C.C.P. art. 1841. The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is by application for supervisory writs. See La. C.C.P. arts.2087 and 2201; Brown v. Sanders, 06-1171 (La.App. 1st Cir.3/23/07), 960 So.2d 931, 933.

. The discovery requested included: 1) whether there was any contract with Bene-tech and the City of New Orleans or any of its agencies (an essential element of the alleged La. R.S. 42:llllC(2)(d) violation); 2) whether there was a contract between Benetech and Opus (an essential element of the alleged La. R.S. 42:1112B(5) violation); and 3) whether Opus received any payments from Benetech (an essential element of the alleged La. R.S. 42:llllC(2)(d) violation).

. In order to support a violation of La. R.S. 42:llllC(2)(d), the Board must show that Ellis received a thing of economic value from a person that has or is seeking to have a contractual relationship with his agency. Agency is defined as “a department, office, division, agency, commission, board, committee or other organizational unit of a governmental entity.” See La. R.S. 42:1102(2). Ellis's agency is the City Attorney's Office as evidenced by his Personal Requisition Form, not the City of New Orleans. Therefore, after completing its investigation, the Board could not make the connection between Benetech and the City Attorney’s Office. See Ethics Board Docket No. 2007-678; Ethics Board Docket No. 2013-1569.
in Ethics Board Docket No. 2007-678, the Board rendered an opinion permitting a former employee of the New Orleans City Attorney’s Office’s Housing Law Unit to contract with the New Orleans city Council’s Board of Review, reasoning that because the employee was not entering into a contract with his former agency, the Housing Law Unit, the proposed relationship was not prohibited, although both were agencies in the City of New Orleans.
In Ethics Board Docket No. 2013-159, the Board rendered an opinion permitting two former employees of the New Orleans City Attorney's Office to contract with the New Orleans Civil Service Commission and the New Orleans Civil Service, because the two former employees were not contracting with their former agency, which the Board deemed to be the New Orleans City Attorney’s Office.

.This law has changed. Prior to Amendment by Acts 2012, No. 608, § 1, La. R.S. 42:1141B(l)(a) provided:
B(l)(a) The [BJoard shall consider any signed sworn complaint from any elector, hereinafter referred to as complainant, concerning a violation of this Chapter which is within its jurisdiction or the regulations or orders issued by *723 the [BJoard, or may, by a two-thirds majority vote of its membership, consider any matter which it has reason to believe may be a violation of this Chapter.... The chairman of the [BJoard shall assign each such matter to the appropriate panel for investigation. (Emphasis added.)
Today, La. R.S. 42:1141B(l)(a) states:
B(l)(a) The [Board] shall consider any signed sworn complaint from any elector, hereinafter referred to as complainant, concerning a violation of this Chapter which is within its jurisdiction or the regulations or orders issued by the [Board], or may, by a two-thirds majority vote of its membership, consider any matter which it has reason to believe may be a violation of this Chapter.... The chairman of the [Board] may assign a matter to the appropriate panel for investigation, in which case the panel shall conduct a private investigation to elicit evidence upon which the panel shall determine whether to recommend to the board that a public hearing be conducted or that a violation has not occurred. (Emphasis added.)

. Similarly, this Court in Louisiana Bd. of Ethics v. Charlotte Randolph and Charlotte Randolph d/b/a Randolph Publications, LLC, 13-1509 (La.App. 1st Cir.8/21/14), 2014 WL 4198343, citing Doe v. Louisiana Bd. of Ethics, 12-1169 (La.App. 4th Cir.3/13/13), 112 So.3d 339, 346-47, writ denied, 13-0782 (La.8/30/13), 120 So.3d 265, stated that "any doubt in the construction of a penal statute must be resolved with lenity and in favor of the person subject to the fine or penalty.”

. In view of this result, we pretermit consideration of Ellis’ alternative contention that the EAB erred in granting the Board’s motion to compel discovery. Additionally, the respective motions for leave of court to file post- *727 hearing memorandum filed by Ellis and the Board of Ethics are each denied as moot.