PETTIGREW, J.,
dissents, and Assigns Reasons.
lilt is my opinion the charges against GSD must be dismissed because the Board did not sit as a panel or en banc, as required by La. R.S. 42:1141 A(l) and (3).
. Louisiana Revised Statute -42:1141 Á provides, in part:
(1) The Board of Ethics members may sit en' banc or in panels in such order and at such times as the board directs.
[[Image here]]
(3) Notwithstanding any other provision of this Chapter, the presence of nine members shall be required to conduct the business of the Board of Ethics sitting en banc.
The charges were brought by the Board by a vote of eight members, and the Board argues that this is permitted by the general provision of La.- R.S. 42:1133 A, which only requires six members of the Board for a quorum to conduct its general business. The majority agrees with the Board on this issue. I do not.
To interpret the statutes in this manner, in my opinion, renders La. R.S. 42:1141 A(l) and (3) meaningless. It . will not be presumed that the lawmakers inserted idle, meaningless, or superfluous language in the law or that it intendéd for any part or provision of the law to be meaningless, redundant, or useless. Board of Ethics In the Matter of Jennifer Sneed, 2012-CW-1849, p. 15 (La.App. 1 Cir. 10/7/13)(unpublished writ action).
*644 In this case the Board did not form a panel, and only eight members of the Board voted. The majority and the Board condone this because of La. R.S. 42:1133 A.
Louisiana Revised Statute 42:1133 A is found in the general provisions of Subpart A, Administration. Louisiana Revised Statute 42:1141 A(l) and (3) are found in the more specific provisions under Subpart B, Procedure. Generally, the more specific ^statutes on a topic will control over the general. See Arabie v. CITGO Petroleum Corp., 2010-2605, p. 5 (La.3/13/12) 89 So.3d 307, 312-13.
I note that La. R.S. 42:1141 A(3) specifically states, “Notwithstanding any other provision of this Chapter, the presence of nine members shall be required to conduct the business of the Board of Ethics sitting en banc.” I further note in the record there are copies of charges brought against Larry Griffin Towing Company, Myrna Griffin, Dwayne Griffin, and Gina Griffin, all of which had nine board members voting.
Because of the penal nature of the Ethics Code provisions, the laws must be strictly construed and resolved with lenity in favor of the individual subject to penalty. Ellis v. Louisiana Board of Ethics, 2014-0112 (La.App. 1 Cir. 12/30/14), 168 So.3d 714.
It is my humble opinion that because the Board did not comply with the statutory mandates of La. R.S. 42:1141 A(l) and (3), the Ethics Adjudicatory Board decision should be reversed and the complaint filed against GSD should be dismissed.