CRAIN, J.
|aThis is the appeal of a judgment granting summary judgments and dismissing plaintiffs’ claims for property damages and redhibition. We affirm.
FACTS
On January 7, 2009, Gerald P. Moore[1] instituted this suit for damages arising from the alleged environmental contamination of immovable property he owns in East Baton Rouge Parish. Chevron Environmental Management Company, Texaco Inc., Star Enterprise, TRMI Holdings, Inc., (collectively, “the Chevron defendants”),[2] and the Louisiana Department of *54 Environmental Quality (LDEQ) were included as defendants in the suit. Moore contends the contamination was caused by leaking underground storage tanks and the mishandling of hazardous substances during the operation of a gas station on the property by a previous owner. Moore alleges environmental site assessments performed in 2003, as a requirement for financing to build his own gas station on the property, revealed contamination. Moore alleges both LDEQ and Chevron Environmental Management Company were notified of the site assessment results and investigated the alleged contamination until 2008, when LDEQ issued a report concluding no further action was required.
In 2016, the Chevron defendants and LDEQ filed motions for summary judgment seeking dismissal of the suit based upon prescription. After a request for a continuance was denied, and evidence submitted by Moore was excluded, the trial court granted summary judgment and dismissed Moore’s suit. Moore now appeals.
| «DISCUSSION
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). A “material fact” is one that potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A “genuine issue of material fact” is a material fact about which reasonable people can disagree; if reasonable people can reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Jackson v. City of New Orleans, 12-2742 (La. 1/28/14), 144 So.3d 876, 882. For purposes of summary judgment, the materiality of facts is determined by the substantive law applicable to the case. Jackson, 144 So.3d at 882.
Liberative prescription is a method of barring actions when there is inaction for a period of time. La. Civ. Code art. 3447. Delictual actions are subject to a liberative prescription of one year, which commences to run on the date the injury or damage is sustained. La. Civ. Code art. 3492. However, “[w]hen damage is caused to immovable property, the one[-]year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.” La. Civ. Code art. 3493. Thus, the one-year prescription' applicable to claims for damage to immovable property is triggered by actual or constructive knowledge of damage. Hogg v. Chevron USA Inc., 09-2632 (La. 7/6/10), 45 So.3d 991, 997; Rebstock v. Seismic Exchange, Inc., 13-0540, 2013 WL 5915140, p.2 (La. App. 1 Cir. 11/1/13).
Constructive knowledge sufficient to begin prescription is “whatever notice is enough to excite attention and put the injured party on guard or call for inquiry.” Hogg, 45 So.3d at 997. Stated another way, it “is the acquisition of sufficient | information, which, if pursued, will lead to the true condition of things.” Marin v. Exxon Mobil Corp., 09-2368 (La. 10/19/10), 48 So.3d 234, 246 (quoting Young v. International Paper Co., 179 La. 803, 155 So. 231 (La. 1934)). Whether a party had constructive knowledge is ultimately determined by the reasonableness of the party’s action or inaction in light of the surrounding circumstances. Hogg, 45 So.3d at 997-998. A plaintiff is deemed to know what he can learn through the exercise of reasonable diligence and cannot rely on ignorance attributable to his own willfulness or neglect. See Marin, 48 So.3d at 246.
*55 Prescription is a defense typically asserted by means of a peremptory exception, but may be raised by motion for summary judgment. Hogg, 45 So.3d at 997. When prescription is raised by motion for summary judgment, review is de novo, using the summary judgment criteria. Hogg, 45 So.3d at 997. In a case seeking damages to immovable property, the party moving for summary judgment on the basis of prescription must prove, based solely on documentary evidence, there is no disputed genuine issue of material fact regarding the date when the plaintiff knew or should have known of the damage sufficient to commence the running of prescription. Hogg, 45 So.3d at 998. The burden then shifts to the plaintiff to show why the claim is not prescribed. See Hogg, 45 So.3d at 998.
The Chevron defendants and LDEQ assert that by May, 2003, more than five years prior to filing suit in January, 2009, Moore knew or should have known of damage to his property. In support of their motions for summary judgment, the defendants submitted Moore’s deposition testimony where he testified he consulted an attorney who sent Chevron-Texaco a letter dated May 19, 2003, stating environmental assessments revealed significant contamination of the property, apparently from fuel tanks used when a Texaco gas station was operated on the property. The letter claimed Moore lost a business opportunity and now faced the cost of rehabilitating the property. In his deposition, Moore acknowledged that [¡¡both the source of the contamination and the identity of the company that allegedly caused it were identified in the 2003 letter. He testified that he contacted a second attorney in early 2004, who also contacted ChevronTexaco about the property.
The defendants also submitted Moore’s original and amending petitions in support of their motions for summary judgment, which stated the 2003 environmental site assessments revealed the property was contaminated. Therein, Moore alleged he “immediately presented [those] findings to both Chevron and LDEQ.” Moore further claimed the contaminated property was “virtually worthless,” and was “unlikely to recover the value it would have had if this contamination had never taken place.” According to the defendants, these allegations and Moore’s deposition testimony reveal sufficient knowledge to commence prescription in 2003.
In opposition, Moore argued the prescriptive period was not triggered in 2003, because he was only investigating at the time, and prescription was tolled by the defendants’ actions. Moore claims that Texaco failed to disclose the contamination to his predecessor in title, that Chevron said it was responsible for and would repair the damage, and that LDEQ said not to file suit until LDEQ completed its investigation. Thus, according to Moore, prescription stopped or was otherwise interrupted by operation of contra non va-lentón. Moore does not claim he was prevented from filing suit by the defendants’ actions, but argues “time stopped” when LDEQ entered the controversy.
Contra non valentón prevents liberative prescription from running in four situations: 1) where some legal cause prevents the courts or their officers from taking cognizance of or acting on the plaintiffs action; 2) where some condition coupled with the contract or connected with the proceedings prevents the creditor from suing or acting; 3) where the debtor does some act to prevent the creditor from availing himself of his cause of action; or 4) where the cause of action is | (¡neither known nor reasonably knowable by the plaintiff, even though plaintiffs ignorance is not induced by the defendant. Marin, 48 *56 So.3d at 245. In property damage cases, the prescriptive period is triggered by actual or constructive knowledge of the damage, encompassing the fourth category of contra non valentem known as “the discovery rule.” Marin, 48 So.3d at 245.
In support of his arguments, Moore offered sixteen documents—fourteen letters with attached documentation, one affidavit, and the sale document where Moore’s predecessor purchased the property. The Chevron defendants and LDEQ filed reply memoranda objecting to Moore’s documents.[3] The trial court determined the affidavit, although of questionable value, was the only competent evidence offered by Moore. The other documents were found inadmissible for .purposes of the motion for summary judgment. Moore contends this was error.
Louisiana Code of Civil Procedure article 966, revised by Acts 2015, No. 422, § 1, now clarifies that “[t]he only documents that may be filed in support of or in opposition to the motion [for summary judgment] are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.” Because the letters and sale document offered by Moore are not in the categories of documents allowed by Article 966A(4), they are not competent summary .judgment evidence. The trial court correctly excluded those items as opposition to the motions for summary judgment.
Consequently, the only evidence properly considered in support of Moore’s arguments is the affidavit of Adrean T. Wilkerson. In 2004 she worked as a customer service representative with Cingular Wireless and part time with GM Automotive. She contacted a senior attorney “in the Chevron Products Company Law Department” in February 2004, and discussed Moore’s contaminated 17property. She said after informing the attorney that Texaco operated the only gas station on the property, the attorney responded, “[t]here would be no need to file .suit against Chevron, because they’re willing to commit to cleaning up the contamination.”
There is no disputed issue of material fact regarding when the plaintiff acquired actual or constructive knowledge of the damage sufficient to commence prescription. Compare Hogg, 45 So.3d at 998. We find that in 2003, Moore had sufficient knowledge to pursue a claim for damages for the alleged contamination, and took informal steps, but no formal legal steps, to do so. The one-year prescriptive period was triggered. The burden of proof then shifted to Moore to show why the claim is not prescribed. See Hogg, 45 So.3d at 998. The Wilkerson affidavit fails in this regard. It does not identify any relationship between Wilkerson and Moore, does not suggest Wilkerson told Moore of her discussion with the attorney, and simply does not support Moore’s assertion that his case is not prescribed. The words of Wilkerson are not sufficient to support the application of any of the four categories of contra non valentem so as to prevent the running of prescription. No other legal theories argued by Moore apply to the established facts. We find no legal basis for Moore’s claim that “time stopped at the point [LDEQ] entered the controversy.”[4] The *57 suit for property damages was untimely and is prescribed.
Moore’s suit also alleged claims for red-hibition. Louisiana Civil Code article 2520 provides:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
RA defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale. A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
Moore acquired the property by donation. He alleges the contaminants and hazardous materials on his property constitute redhibitory defects and, through his donor’s title, he is subrogated to all causes of action in warranty.
Generally, a redhibition action involving residential or commercial immovable property against a seller who did not know of the defect, prescribes one year from the date the property is delivered to the buyer. La. Civ. Code art. 2534A(2). Where the seller knew or is presumed to know of the defect, the redhibition action prescribes one year from the date the buyer discovers the defect. La. Civ. Code art. 2534B. Prescription is triggered by knowledge of the defect, not, as Moore argues, by knowledge of the concealment of the defect.
Moore knew of the alleged defect in 2003. He failed to present any evidence that the prescriptive period was interrupted or the suit is not prescribed. The redhi-bition claim filed in 2009 was untimely.
Moore claims the judgment should be reversed because the trial court erred in denying his motion to continue. He argues he should have been allowed more time to present evidence and legal arguments to support his theories. Moore argues he was denied an evidentiary hearing related to the applicability of the federal doctrine of equitable tolling, the affirmative defense of fraud and its effect on tolling prescription, the opportunity to establish a continuing tort claim, and the opportunity to make a case that “time stopped” when LDEQ entered the controversy. Moore contends these errors denied him due process.
| ¡Article 966 requires “an opportunity for adequate discovery” before summary judgment is granted. There is no absolute right to delay a motion for summary judgment until discovery is complete. The parties must, however, be given a fair opportunity to present their claims. Ellis v. Louisiana Bd. of Ethics, 14-0112 (La. App. 1 Cir. 12/30/14), 168 So.3d 714, 725, writ denied, 15-0208 (La. 4/17/15), 168 So.3d 400. This case was pending for seven years before the motions for summary judgment were filed. Moore was allowed to present evidence in opposition to the motions, but failed to do so. The trial court did not abuse its discretion in denying Moore’s motion to continue.[5]
*58 CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants, Gerald P. Moore and GM Enterprises, L.L.C.
AFFIRMED.

. GM Enterprises, L.L.C., is also a plaintiff to this suit. Moore is the sole member/manager and registered agerit for GM.

. Moore alleged the property was donated to him. He further alleged his predecessor in title purchased the property from Star Enterprise and Texaco, Inc., which was succeeded by Chevron Corporation, Chevron Corporation, the parent corporation of Texaco, Inc., was named as a defendant, but was dismissed on Moore’s motion.

. “Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections' prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider,” La. Code Civ. Pro. art. 966(D)2.

, On appeal, Moore contends that his argument that "time stopped” when LDEQ became involved is supported by Louisiana Re *57 vised Statute 30:2025C(3). We disagree. That section details the requirements of the assistant secretary for the office of environmental compliance upon determining a violation of the Louisiana Environmental Quality Act. It does not affect the prescriptive period for a landowner to bring suit.

. In his appellate brief, Moore suggests that the trial court applied a different legal stan *58 dard due to Moore’s pro se status at the time of the summary judgment hearing. We find no merit to Moore’s argument, The trial court considered Moore’s request for a continuance using the correct legal standards and, for the reasons set forth herein, did not abuse its discretion in denying the request.