MCDONALD, J.
In this case the issue is whether an elected judge who also serves as a state commission member must file a financial disclosure statement with the Louisiana Board of Ethics (BOE) in accordance with the Louisiana Code of Governmental Ethics (Code of Ethics) that applies to commission members in addition to filing a financial disclosure statement with the Louisiana Supreme Court in accordance with Louisiana Supreme Court Rule XXXIX, which applies to elected judges. After review, we find that an elected judge serving as a commission member must file the financial disclosure statement with the BOE that is required for commission members by the Code of Ethics.
FACTS AND PROCEDURAL HISTORY
In a previous opinion of this court, Charles R. Jones, a retired state appellate judge, challenged a decision by the Louisiana Ethics Adjudicatory Board (EAB), affirming the BOE's assessment of a $1,500.00 late fee against him for his failure to file a financial disclosure statement as a former member of the Louisiana Commission on Law Enforcement and the Administration of Criminal Justice (Commission). This court dismissed the appeal, finding that because the basis of Judge Jones's challenge to the EAB's decision was constitutional, he had to first assert his claim in the district court, and that the issue was not in the proper procedural posture for this court's review. In the Matter of Jones, 2015-1352 (La. App. 1 Cir. 9/16/16), 2016 WL 4942355 (unpublished).
Thereafter, Judge Jones filed a petition for declaratory judgment and injunctive relief in the district court, alleging that he had timely filed his financial disclosure statement with the Louisiana Supreme Court, he had paid the BOE's $1,500.00 late fee under protest, and that the application of La. R.S. 42:1124.2.1 against him was unconstitutional. He asked for judgment in his favor declaring the application of La. R.S. 42:1124.2.1 to him as a sitting judge was unconstitutional, and that all actions taken against him be declared null; that the BOE be ordered to show why a preliminary injunction should not be issued restraining the BOE from enforcing the provisions of La. R.S. 42:1124.2.1 against him, and all parties similarly situated, and from the collection of related costs for the failure to timely file a financial disclosure statement until a final judgment was rendered herein; for recovery of the $1,500.00 under the theory of unjust enrichment; for damages to his personal and professional reputation from violation of his privacy *203 and the disclosure of private facts; and for judgment in his favor and against the BOE for costs, general and equitable relief, and judicial interest.
The BOE raised peremptory exceptions of no cause of action and no right of action, asserting that Judge Jones was no longer a member of the Commission, that he had filed all required financial disclosure statements and paid all outstanding late fees, and that he had not alleged any irreparable injury, loss or damage that would result to him. The BOE also raised declinatory exceptions of insufficient service of process and citation, asserting that neither the BOE nor the Attorney General's Office had been properly served with the citation and petition.
After a hearing, the district court ruled in favor of the BOE and against Judge Jones. By judgment dated March 7, 2017, the district court granted the BOE's peremptory exception to the petition for preliminary injunction, dismissing the petition for preliminary injunction with prejudice, denied the BOE's peremptory and declinatory exceptions to the petition for declaratory judgment, denied the petition for declaratory judgment, dismissed the petition for declaratory judgment with prejudice, and ruled that the application of La. R.S. 42:1124.2.1 to Judge Jones as a member of the Commission was not unconstitutional. Judge Jones appealed that judgment.
THE APPEAL
In his assignments of error, Judge Jones asserts that:
1. The trial court erred, as a matter of law, in denying [his] petition for declaratory relief.
2. The trial court erred, as a matter of law, in finding that Jones had to file a financial disclosure form pursuant to [La. R.S.] 42:1124.2.1A when he was excluded from doing so under that statute since he was already required to file a financial disclosure form pursuant to [La. R.S.] 42:1124.2 and [Rule XXXIX] of the Rules of the Supreme Court of Louisiana.
3. The trial court erred, as a matter of law, in finding that Jones, as an elected member of the judiciary, was not exempt from the [Code of Ethics] pursuant to [La. R.S.] 42:1167 and Section 3 (C) of Rule XXXIX of the Rules of the Supreme Court of Louisiana.
The BOE asserts that Judge Jones failed to present a justiciable controversy over which a declaratory judgment can be rendered. The Ethics Board notes that Judge Jones resigned as a member of the Commission on December 31, 2012, upon his resignation as a member of the Court of Appeal, Fourth Circuit. Thus, the BOE maintains that Judge Jones no longer falls within the scope and jurisdiction of the Code of Ethics. Additionally, the BOE notes that Judge Jones submitted a compliant financial disclosure statement on September 17, 2014, and on March 9, 2015, and paid the $1,500.00 late fee assessed by the BOE pursuant to La. R.S. 42:1124.2.1, satisfying his obligation under the Code of Ethics. The BOE asserts that Judge Jones did not seek a waiver of the late fee assessment, or seek subsequent reconsideration by the BOE, thus the late fee order is final, and no justiciable controversy exists.
In Abbott v. Parker, 259 La. 279, 249 So.2d 908, 918 (1971), the court stated:
A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon *204 which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
As Judge Jones is asserting his right to compensation for the damages he sustained, resulting from what he maintains is the unconstitutional application of La. R.S. 42:1124.2.1 and the declaratory judgment against him, we find that there is a justiciable controversy.
APPLICABLE LAW
Louisiana Revised Statute 42:1167 provides that:
All judges, as defined by the Code of Judicial Conduct, shall be governed exclusively by the provisions of the Code of Judicial Conduct, which shall be administered by the Judiciary Commission provided for in Article V, Section 25 of the Constitution of Louisiana.
Louisiana Supreme Court Rule XXXIX provides in part:
Section 1.
A. All elected judges, except for justices of the peace, shall annually file a financial statement as provided in this rule. Judges shall file financial statements in accordance with Section 2.
For purposes of this Rule, the word "individual" or "person" means the judge who is required to file a financial statement.
Section 2.
A. All elected judges shall annually file a financial statement as provided in this Section. The financial statement required by this Section shall be filed by May 15th of each year during which the person holds an office or position included in Section 1, and by May 15th of the year following the termination of the holding of such office or position.
B. The financial statement required by this Section may be filed within thirty days after the individual files his or her federal tax return for the year on which he or she is reporting, taking into consideration any extensions filed by the individual, provided that the individual notifies the Office of the Judicial Administrator, Supreme Court of Louisiana, in writing prior to the deadline provided in Subsection (A) of this Section of his or her intention to do so.
C. The financial statement required by this Section shall be filed on a form prescribed by the Office of the Judicial Administrator, Supreme Court of Louisiana, and approved by the Court, and shall include the following information for the preceding calendar year: ....
Section 3. Enforcement and Penalties.
....
C. (1) If the person fails to file the statement, fails to provide the omitted information, fails to correct the inaccurate information, or fails to file a written answer prior to the deadline contained in the notice of delinquency, the Judicial Administrator's Office shall refer the matter to the Judiciary Commission.
(2) If the individual files a written answer contesting the allegations contained in the notice of delinquency, or if a complaint is received by the Office of the Judicial Administrator after a financial statement has been filed that is directed to the accuracy or completeness of a particular statement, the matter shall be referred to the Judiciary Commission.
(3) In the event a written complaint is received by the Commission after a financial statement has been filed that *205 is directed to the accuracy or completeness of a statement, and the complaint is not deemed by the Commission to be frivolous, the Commission shall mail the complaint by certified mail to the judge or justice of the peace who is the subject of the complaint. The judge or justice of the peace shall be asked to answer the complaint within fourteen business days after receipt of the complaint.
Louisiana Revised Statute 42:1124 provides:
A. The following persons shall annually file a financial statement as provided in this Section:
(1) Each person holding statewide elected office.
Louisiana Revised Statute 42:1124.2 provides in part that:
A. Each of the following, except a person who is required to file a financial statement pursuant to R.S. 42:1124, shall annually file a financial statement as provided in this Section:
....
(2) Each person holding a public office who represents a voting district having a population of five thousand or more persons.
At the time Judge Jones served on the Commission, La. R.S. 42:1124.2.1[1] provided for financial disclosure by members of board and commissions in part:
A. Each of the following, except a person who is required to file a financial statement pursuant to R.S. 42:1124 or 1124.2, shall annually file a financial statement as provided in this Section:
(1) Each member and any designee of a member of a board or commission that has the authority to expend, disburse, or invest ten thousand dollars or more of funds in a fiscal year.
* * * *
B. The financial statement required by this Section shall be filed by May fifteenth of each year during which the person holds an office included in Subsection A of this Section and by May fifteenth of the year following the termination of the holding of such office.
C. The financial statement required by this Section shall be filed on a form prescribed by the [BOE] and shall include the following information for the preceding calendar year:
(1) The full name and mailing address of the individual who is required to file.
(2) The full name of the individual's spouse, if any, and the spouse's occupation and principal business address.
(3) The name of the employer, job title, and a brief job description of each full-time or part-time employment position held by the individual or spouse.
(4)(a) The name, address, brief description of, and nature of association with and the amount of interest in each business in which the individual or spouse is a director, officer, owner, partner, member, or trustee, and in which the individual or spouse, either individually or collectively, owns an interest which exceeds ten percent of that business.
(b) The name, address, brief description of, and nature of association with a nonprofit organization in which the individual or spouse is a director or officer.
(5) The name, address, type, and amount of each source of income received by the individual or spouse, or by any business in which the individual or *206 spouse, either individually or collectively, owns an interest which exceeds ten percent of that business, which is received from any of the following:
(a) The state or any political subdivision as defined in Article VI of the Constitution of Louisiana.
(b) Services performed for or in connection with a gaming interest as defined in R.S. 18:1505.2(L)(3)(a).
(6) A certification that such individual has filed his federal and state income tax returns, or has filed for an extension of time for filing such tax return.
(7) One of the following:
(a) A certification that neither the individual nor any member of his immediate family had a personal or financial interest in any entity, contract, or business or a personal or financial relationship that in any way posed a conflict of interest which affected the impartial performance of the individual's duties as a member of the board or commission.
(b) A statement describing each conflict and any action the individual took to resolve or avoid the conflict. (Emphasis added.)
ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
As the assignments of error are interrelated, we consider them together. In his first assignment of error, Judge Jones characterizes his membership on the Commission as "ex officio." Louisiana Revised Statute 15:1202 provides for the composition of the Commission as follows in part:
A. The commission shall consist of fifty-eight members as follows:
....
(5) The chief judge of each of the courts of appeal.
Black's Law Dictionary provides a definition of ex offico:
By virtue or because of an office; by virtue of the authority implied by office. The term is often misused as a synonym for "nonvoting." Some meetings mistakenly label their regularly invited guests as "ex officio members" when in fact they are not members at all; others mistakenly refer to the nonvoting members as "ex officio members" even though some nonvoting members are present only in an individual capacity and not by virtue of office, or even though some voting members also serve ex officio. But an ex officio member is a voting member unless the applicable governing document provides otherwise.
"Frequently boards include ex-officio members - that is, persons who are members of the board by virtue of an office or committee chairmanship held in the society, or in the parent state or national society or federation or some allied group; or - sometimes in boards outside of organized societies - by virtue of a public office. In the executive board of a society, if the ex-officio member of the board is under the authority of the society (that is, if he is a member, officer, or employee of the society), there is no distinction between him and the other board members. If the ex-officio member is not under the authority of the society, he has all the privileges of board membership, including the right to make motions and to vote, but none of the obligations - just as in a case, for example, where the governor of a state is ex officio a trustee of a private academy." Henry M. Robert, Robert's Rules of Order Newly Revised § 49, at 466 (10th ed. 2000).
*207 Black's Law Dictionary (10th ed. 2014 online).
We find Judge Jones's assertion that he was an ex officio member of the Commission, by which he implies that he was less than a full member of the Commission, to be meritless. While he was an ex officio member because of his status as Chief Judge of the Fourth Circuit Court of Appeal, there is no evidence that he did not have all the power and authority of any other member.
As explained by Black's Law Dictionary, an ex officio member of a board or commission is a voting member unless the applicable governing document provides otherwise. Furthermore, Judge Jones conceded at oral argument before this court that he voted on matters before the Commission.
In assignments of error numbers two and three, Judge Jones maintains that R.S. 42:1124.2.1 A provides a listing of the individuals who are required to file a financial statement pursuant to La. R.S. 42:1124 or 42:1124.2 and provides an exception for persons holding public office who represent a voting district having a population of five thousand or more persons. He asserts that the public purpose for financial disclosure required of commission members has been met by his financial disclosure filing made in compliance with La. R.S. 42:1124.2 and Rule XXXIX of the Rules of the Louisiana Supreme Court. Judge Jones also maintains that La. R.S. 42:1167 is clear that judges, as defined therein, are not subject to the Code of Ethics, as they are governed exclusively by the provisions of the Code of Judicial Conduct.
We disagree with these conclusions. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. Laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13. The purpose of the Code of Ethics is to further the public interest by ensuring that the law protects against conflicts of interest on the part of Louisiana's public officials and state employees by establishing ethical standards to regulate the conduct of those persons. La. R.S. 42:1101 ; Ellis v. Louisiana Bd. of Ethics, 2014-0112 (La. App. 1 Cir. 12/30/14), 168 So.3d 714, 721, writ denied, 2015-0208 (La. 4/17/15), 168 So.3d 400.
The purpose for requiring yearly financial disclosure statements from state board and commission members to the BOE is to ensure that members of state boards and commissions do not have financial conflicts of interest with their service as members of state boards or commissions. Louisiana Revised Statutes 42:1124.2.1 does not exempt elected judges who are serving as state board or commission members from filing financial disclosure statements with the BOE, and our reading of all of the related statutes, along with Rule XXXIX of the Rules of the Louisiana Supreme Court, leads to the conclusion that elected judges serving as state board or commission members are not exempted from filing the financial disclosure statements required of board and commission members by the Code of Ethics.
It is true that an elected judge, sitting in his capacity as a judge , is governed exclusively by the provisions of the Code of Judicial Conduct. However, a judge sitting as a board or commission member is not serving as a judge, but as a board or commission member, and in that capacity, we find that he is subject to the Code of Ethics requirement that state board and *208 commission members must file a financial disclosure statement with the BOE in accordance with La. R.S. 42:1124.2.1. These assignments of error have no merit.
DECREE
Thus, for the foregoing reasons, the March 7, 2017 district court judgment granting the Louisiana Board of Ethics' peremptory exception to the petition for preliminary injunction, dismissing the petition for preliminary injunction with prejudice, denying the Louisiana Board of Ethics' peremptory and declinatory exceptions to the petition for declaratory judgment, denying Judge Jones's petition for declaratory judgment and dismissing it with prejudice, and ruling that the application of La. R.S. 42:1124.2.1 as to Judge Jones as a member of the Louisiana Commission on Law Enforcement and the Administration of Criminal Justice is not unconstitutional, is affirmed. The costs of this appeal are assessed against the appellant, Charles R. Jones.
AFFIRMED.

Louisiana Revised Statutes 42:1124.2.1 was thereafter revised by Acts 2012, No. 574, § 2, effective January 1, 2013; Acts 2015, No. 450, § 1, effective July 1, 2015; Acts 2016, No. 410, § 1, effective August 1, 2016; and Acts 2018, No. 538, § 1, effective August 1, 2018.